ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| SANTOS RODRÍGUEZ CRESPO Y SU ESPOSA FRANCES MIRIAM CINTRÓN RODRÍGUEZ Y LA SOCIEDAD LEGAL DE GANANCIALES POR ELLOS COMPUESTA<br><br>APELANTES<br><br>V.<br><br>FULANO DE TAL, OSVALDO GALIO NIDO Y SU ESPOSA NAYDA IVETTE TIRADO HUERTAS Y LA SOCIEDAD LEGAL DE GANANCIALES POR ELLOS COMPUESTA<br><br>APELADOS | KLAN202301107 | *APELACIÓN*<br>procedente del Tribunal de Primera Instancia Sala de Guayama<br><br>Caso Núm. PA2019PV00096<br><br>Sala: 302<br><br>Sobre:<br><br>COBRO DE DINERO Y EJECUCIÓN DE HIPOTECA POR LA VÍA ORDINARIA |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de diciembre de 2023.

Comparecen, Osvaldo Galio Nido, su esposa Nayda Ivette Tirado Huertas y la Sociedad Legal de Ganaciales compuesta por ambos, (en lo sucesivo, "la parte apelante), mediante el recurso de apelación de epígrafe. En el recurso presentado, dicha parte solicita que revisemos la determinación emitida el 7 de noviembre de 2023 y notificada el 9 de noviembre de 2023, por el Tribunal de Primera Instancia, Sala de Patillas. Mediante el referido dictamen, el foro sentenciador declaró *Ha Lugar* las causas de acción presentadas por la parte apelada, Santos Rodríguez Crespo, su esposa Frances Miriam Cintrón Rodríguez y la Sociedad Legal de Ganaciales compuesta por estos.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso de apelación.

Número Identificador

RES2023 _____

I.

El 30 de abril de 2019, la parte apelada presentó la *Demanda* de epígrafe. En síntesis, alegó que el 25 de junio de 2001 se convirtió en la tenedora de un pagaré hipotecario. Según adujo, dicho instrumento negociable fue suscrito por la parte apelante en calidad de deudora. Expresó, que el referido pagaré fue otorgado por la suma principal de $160,000.00, con un interés anual de 6.00%. Añadió, que la parte apelante incumplió con la suma pactada, la cual estaba vencida. A su vez, arguyó que dicho pagaré se había extraviado. Ante ello, solicitó al foro sentenciador que ordenara la sustitución de pagaré hipotecario en cuestión.

El 1 de julio de 2019, la parte apelante, presentó Contestación a Demanda. En esencia, negó ser deudora de las cantidades aducidas en la referida demanda. Agregó que estas no eran líquidas ni exigibles. Finalmente, levantó entre sus defensas afirmativas, que los alegados intereses eran ilegales y constituían usura.

Luego de varios trámites procesales que no son necesarios de pormenorizar, el 30 de agosto de 2023, el foro primario celebró juicio. Posteriormente, el 7 de noviembre de 2023, emitió la *Sentencia* aquí recurrida. Mediante esta, declaró *Ha Lugar* las causas de acción presentadas por la parte apelada. En consecuencia, ordenó a la parte apelante a satisfacer el 75% del principal de los prestamos en controversia; el pago de costas, gastos y honorarios de abogados según pactados; las cantidades de intereses según modificadas en la *Sentencia* y los acumulados desde el vencimiento de la obligación en cuestión; y el balance total de cancelación del préstamo.

Inconforme, el 21 de noviembre de 2023 de forma oportuna, la parte apelante presentó escrito intitulado *"Moción en Solicitud de Reconsideración de Sentencia y en Solicitud de Determinaciones de Hecho y Conclusiones de Derecho Adicionales."* Así las cosas, el 10 de diciembre de 2023, el Tribunal de Primera Instancia emitió una *Resolución* en la que declaró *No ha Lugar* el escrito presentado por la

parte apelante. Antes de que la referida *Resolución* fuera notificada a las partes, el 11 de diciembre de 2023, la parte apelante insta su recurso en alzada. Mediante este, sostuvo los siguientes señalamientos de error:

**PRIMER ERROR: ERRO EL TPI AL DESETIMAR CON PERJUICIO LA DEMANDA BAJO LO DISPUESTO EN LA REGLA 39.2 (A) DE PROCEDIMIENTO CIVIL DE 1979.**

**SEGUNDO ERROR: ERRO EL TPI AL ABUSAR DE SU DISCRECIÓN Y DESESTIMAR LA DEMANDA SIENDO CONTRARIO A LA DOCTRINA DE LA SANCIÓN PROGRESIVA ESTABLECIDA EN LA REGLA 39.2 DE PROCEDIMIENTO CIVIL PRIMER ERROR: ERRO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO CONCLUIR QUE EL DEMANDADO ES UN PRESTAMISTA QUE MANTIENE UNA VOUMINOSA Y LONGEVA ACTIVIDAD COMERCIAL AL MARGEN DE LA LEY, SIN POSEER LICENCIA PARA TALES NEGOCIOS EXPEDIDA POR EL GOBIERNO DE PUERTO RICO.**

**TECER ERROR: [sic] ERRO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO DECLARAR LOS TRES PRESTAMOS HIPOTECARIOS DE LOS QUE TRATA LA DEMANDA COMO NULOS, AL HABER SIDO GENERADOS SIN LICENCIA EXPEDIDA POR EL GOBIERNO DE PUERTO RICO. [sic].**

**CUARTO ERROR: [sic] ERRO EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DECLARAR NULOS *AB INICIO* LOS PRIMEROS DOS PRESTAMOS HIPOTECARIOS EXPEDIDOS POR EL DEMANDANTE AL DEMANDADO POR HABERSE GENERADO DICHOS PRESTAMOS A UN INTERES LEGAL (USURERO), INDEPENDIENTEMENTE DE QUE ESOS INTERESES SE ENMENDARAN POSTERIORMENTE.**

**QUINTO ERROR: [sic] ERRO EL TRIBUNAL DE PRIMERA INSTANCIA AL VIOLENTAR CON SU SENTENCIA LA LEY DEL CASO SEGÚN ESTABLECIDA EN LA RESOLUCIÓN PREVIA ADJUDICANDO SENTENCIAS SUMARIAS DICTADAS MAS TEMPRANO EN EL MISMO CASO POR OTRO JUEZ INSTRUCTOR, EL HONOREBLE HARRY RODRIGUEZ GUEVARA.**

**SEXTO ERROR: [sic] ERRO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA IGNORANDO LA EVIDENCIA TESTIFICAL DESFILADA EN EL JUICIO.**

**SEPTIMO ERROR: [sic] ERRO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA IGNORANDO LA EVIDENCIA DOCUMENTAL ESTIPULADA PARA EL JUICIO.**

**OCTAVO ERROR: [sic] ERRO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL HABER DICTADO SENTENCIA EN CONTRA DEL APELANTE LUEGO DE HABER SOLICITADO FORMALMENTE, POR ESCRITO, UN PROYECTO DE SENTENCIA.**

Al día siguiente, 12 de diciembre de 2023, el foro de origen notifica la aludida *Resolución*.[1]

**II**.

La jurisdicción es la autoridad que posee un tribunal para considerar y adjudicar determinada controversia o asunto. *Pérez López v. CFSE*, 189 DPR 877, 882 (2013); *CBS Outdoor v. Billboard One, Inc., et al.,* 179 DPR 391, 403-404 (2010). Cuando un Tribunal de Apelaciones carece de jurisdicción, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos". *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). De la misma forma, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *S.L.G. Szendrey- Ramos v. F. Castillo*, supra, págs. 883-884. Un recurso presentado prematura o tardíamente carece de eficacia y no produce ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, pág. 884. Ante esos casos, el tribunal desestimará la acción o el recurso y no entrará en los méritos de la cuestión ante sí. *Pérez López v. CFSE*, supra, pág. 883; *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, pág. 883. Por último, es menester resaltar que la Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B)(1) y (C), nos faculta, por iniciativa propia o ante la solicitud de parte, a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

**III.**

Surge de los hechos, que la parte apelante presentó un escrito de reconsideración el 21 de noviembre de 2023. Posteriormente, el 10 de diciembre de 2023, el Tribunal de Primera Instancia emitió un dictamen

---

[1] Adquirimos conocimiento de la emisión y notificación de la resolución dictada por el Tribunal de Primera Instancia, por medio del Sistama Unificado de Manejo y Administración de Casos (SUMAC)-

resolviendo la referida moción. Empero, la notificación a las partes se envió el 12 de diciembre de 2023, y la parte apelante de forma prematura instó el 11 de diciembre de 2023 un recurso en apelación.

Tal y como fue expuesto, un recurso puede ser desestimado a instancia propia de este Tribunal cuando no cumple a cabalidad con los requisitos dispuestos en la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*. Así pues, no podemos entrar en los méritos de una controversia cuando se ha presentado una apelación a destiempo. En este caso, la parte apelante, presentó su recurso apelativo antes de que se notificara la resolución que atendía la moción de reconsideración radicada ante el Tribunal de Primera Instancia. Ello, impide que podamos ejecer nuestras funciones de revisión. Toda vez que, el término para recurrir a este Tribunal fue paralizado por la oportuna presentación de la referida reconsideración.

Dicho término, comenzaba nuevamente a decursar luego del archivo en autos de copia de la notificación del foro sentenciador resolviendo la aludida moción de reconsideración. Reglas de Procedimiento Civil de Puerto Rico, 32 LPRA. Ap. V, R. 47. Al la parte apelante presentar un recurso antes de recibir dicha notificación, su apelación se convirtió en una prematura. En consecuencia, este Tribunal carece de autoridad para atenderlo en sus méritos.

**IV**.

Por las consideraciones antes expuestas, desestimamos el recurso de revisión ante nuestra consideración por falta de jurisdicción al ser prematuro. Conforme la Regla 83(B)(¡) y (C) del Reglamento del Tribunal de Apelaciones, supra.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones